1  PROSKAUER ROSE LLP
   JEREMY M. MITTMAN (SBN 248854)
2  jmittman@proskauer.com
   2049 Century Park East, 32nd Floor
3  Los Angeles, CA  90067-3206
   Telephone:  (310) 284-5634
4  Facsimile:  (310) 557-2193

5
   PROSKAUER ROSE LLP
6  RUSSELL L. HIRSCH HORN (*pro hac vice*)
   rhirschhorn@proskauer.com
7  11 Times Square
   New York, NY  10036
8  Telephone:  (212) 969-3286
   Facsimile:  (212) 969-2900
9
   PROSKAUER ROSE LLP
10 BRIAN S. NEULANDER (*pro hac vice*)
   bneulander@proskauer.com
11 650 Poydras Street – Suite 1800
   New Orleans, LA  70130
12 Telephone:  (504) 310-2018
   Facsimile:  (504) 310-2022
13

14 Attorneys for Defendant
   *Amgen Inc. Master Benefits Plan*
15

16

17 **UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA**
18

| | |
|---|---|
| 19  CLAUDE DAGENAIS, | Case No. CV13-03958 VBK |
| 20           Plaintiff, | |
| 21      vs. | **ANSWER** |
| 22  AMGEN INC. MASTER BENEFITS PLAN, | Complaint Filed:  June 3, 2013 |
| 23 | |
| 24           Defendant. | |

25
26
27
28

ANSWER

Defendant Amgen Inc. Master Benefits Plan ("Defendant"), by and through its counsel of record, hereby answers the Complaint filed by Plaintiff Claude Dagenais ("Plaintiff").

## PRELIMINARY ALLEGATIONS[1]

1. Defendant denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to invoke the Court's subject matter jurisdiction pursuant to the statutory sections cited therein and seeks the relief stated therein.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of Calabasas, California. Defendant admits that Plaintiff was an employee of Amgen from May 1, 2006 through December 22, 2011, and that Plaintiff purports to lay venue in the United States District Court for the Central District of California pursuant to the statutory sections cited therein. Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits that the Amgen Inc. Master Benefits Plan (the "Plan") is an employee welfare benefit plan within the meaning of Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended, and that Magellan Health Services of California, Inc. is the Claims Administrator for the

---

[1] The headings are copied verbatim from the Complaint, without editing for syntax, grammar, or context.

1
ANSWER

Plan. Defendant declines to plead to the allegation that Plaintiff was a participant in the Plan on the ground that it states a conclusion of law to which no response is required. Defendant also declines to plead to the allegation that purports to summarize the contents of the Plan because the written Plan terms speak for themselves. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint, including, without limitation that Plaintiff attached Exhibit A to his Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint on the ground that it is vague and ambiguous insofar as it alleges that the Plan transacts business in the Central District of California and is headquartered in the Central District of California.

## FIRST CAUSE OF ACTION

## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

5. In response to the allegations in paragraph 5 of the Complaint, Defendant repeats each of its answers to paragraphs 1-4 as if fully set forth herein.

6. Defendant denies knowledge and information sufficient to support a belief as to whether Plaintiff "suffers from major depressive order." Defendant declines to plead to the allegations contained in paragraph 6 of the Complaint concerning the Federal Mental Health Parity and Addiction Equity Act of 2008 because it states a conclusion of law to which no response is required. To the extent

a response is required, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies knowledge and information sufficient to support a belief concerning the circumstances surrounding Plaintiff's alleged "major depressive disorder" and/or treatment thereof. Defendant admits that Plaintiff took medical leave from Amgen, Inc. beginning September 8, 2010. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8. Defendant denies knowledge and information sufficient to support a belief concerning the circumstances surrounding Plaintiff's alleged "major depressive disorder" and/or treatment thereof. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant denies knowledge and information sufficient to support a belief concerning Plaintiff's alleged disorder and/or treatment thereof. Defendant admits that on or about September 11, 2011 Maison L'Epervier, Inc. submitted bills to Magellan Health Services of California, Inc. ("Claims Administrator") for treatment allegedly provided to Plaintiff. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Defendant admits that the Claims Administrator issued an Explanation of Benefits ("EOB") dated October 7, 2011 and states that the EOB speaks for itself. Defendant denies the remaining allegations contained in paragraph 10 of the

Complaint, including, without limitation that Plaintiff attached Exhibit B to his Complaint.

11. Defendant admits that on or about November 24, 2011 Maison L'Epervier, Inc. submitted bills to the Claims Administrator for treatment allegedly provided to Plaintiff. Defendant denies the remaining allegations in paragraph 11 of the Complaint, including, without limitation that Plaintiff attached Exhibit C to his Complaint.

12. Defendant admits that by letter dated December 19, 2011, the Claims Administrator denied Plaintiff's claim and states that the letter speaks for itself. Defendant denies the remaining allegations in paragraph 12 of the Complaint, including, without limitation that Plaintiff attached Exhibit D to his Complaint.

13. Defendant admits that on or about January 27, 2013, Plaintiff appealed by telephone the December 19, 2011 decision denying his claim. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14. Defendant admits by letter dated February 8, 2012, the Claims Administrator denied Plaintiff's appeal and states that the letter speaks for itself. Defendant denies the remaining allegations in paragraph 14 of the Complaint, including, without limitation that Plaintiff attached Exhibit E to his Complaint.

15. Defendant admits that by letter dated March 7, 2012, Plaintiff submitted an appeal to the Claims Administrator. Defendant denies the remaining

allegations in paragraph 15 of the Complaint, including, without limitation that Plaintiff attached Exhibit F to his Complaint.

16. Defendant admits by letter dated April 5, 2012, the Claims Administrator denied Plaintiff's appeal and states that the letter speaks for itself. Defendant denies the remaining allegations in paragraph 16 of the Complaint, including, without limitation that Plaintiff attached Exhibit G to his Complaint.

17. The allegations contained in paragraph 17 of the Complaint and its subparts state conclusions of law to which no response is required. To the extent that any of the allegations in this paragraph and its subparts state facts, Defendant denies them.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations stated in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION AGAINST

## FOR EQUITABLE RELIEF

23. In response to the allegations in paragraph 23 of the Complaint, Defendant repeats each of its answers to paragraphs 1-22 as if fully set forth herein.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint and all of its subparts.

## REQUEST FOR RELIEF

1. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 1 of the Request for Relief.

2. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 2 of the Request for Relief.

3. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 3 of the Request for Relief.

4. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 4 of the Request for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, by the time limitations set forth in the plan documents, and/or by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or damages, which Defendant denies, the alleged injuries and damages, if any, were caused solely by the acts, wrongs, or omissions of Plaintiff, or by other persons, entities, preexisting conditions, forces, and/or things over which Defendant had no control and for which Defendant is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps and to exercise due diligence in an effort to minimize or mitigate the alleged damages, if any.

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff take nothing by virtue of the Complaint;

2.   That the Complaint be dismissed;

3.   That judgment be entered in favor of Defendant and against Plaintiff;

4. That Defendant recover its costs of suit incurred herein, including attorneys' fees; and

5. For such other and further relief as the Court may deem just and proper.

DATED: August 2, 2013

JEREMY M. MITTMAN
PROSKAUER ROSE LLP

s/ Jeremy M. Mittman

Attorney for Defendant,
*Amgen Inc. Master Benefits Plan*